**Avi NAKASH, et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. 88 Civ. 1481 (CHT).**

United States District Court,
S.D. New York.

March 17, 1989.

See also, D.C., 708 F.Supp. 1354.

Jones, Day, Reavis & Pogue, New York City (Robert Layton, Robert Deberardine, of counsel), for plaintiffs.

Patterson, Belknap, Webb & Tyler, New York City (Harold R. Tyler, Jr. and Peter A. Winn, of counsel), Solin & Breindel, P.C., New York City, Law Offices of Gary Freedman, Beverly Hills, Cal., for Kenneth I. Schacter and Gary Freedman.

### MEMORANDUM AND ORDER

TENNEY, District Judge.

This case is before the court on a motion to quash deposition subpoenas served on two attorneys representing Guess?, Inc. ("the Guess attorneys" or "movants"), adversaries of plaintiffs in a civil lawsuit pending in the California state courts (the "California action"). For the reasons set forth below, the motion to quash is denied.

### FACTS

In 1984, Guess commenced a lawsuit in California that involved claims against plaintiffs for rescission and damages arising from fraud, theft of confidential information and breach of fiduciary duty allegedly committed by plaintiffs and their company, Jordache Enterprises, Inc. After that action was initiated, federal agents obtained a search warrant and seized thousands of documents from Jordache's New

**34**

York and New Jersey offices for use in an investigation unrelated to the California action. Some of the seized documents were relevant to the California action, however. As part of the discovery process in that lawsuit, Guess made several unsuccessful attempts to force plaintiffs to produce, or to help Guess obtain from the Department of Justice (the "government"), some of the seized documents. Guess finally served a subpoena duces tecum on the United States Attorney's Office for the Southern District of New York, which had custody of the seized documents, requesting production of items relevant to the California action.

Eventually, and allegedly without any notice to plaintiffs, the government permitted attorneys representing Guess to inspect the seized documents and provided to Guess photocopies of items selected by its attorneys. The two attorneys who have been served with these subpoenas participated in this process. Plaintiffs allege that the government improperly released to Guess documents containing confidential and privileged information. When they learned of the disclosure, plaintiffs sought discovery of the underlying facts for a number of claimed purposes. Despite several attempts to obtain the California courts' permission, however, they were not allowed to take the depositions of the Guess attorneys. Shortly after their last request was denied, plaintiffs initiated this action, claiming that the government's disclosure violated the Privacy Act, 5 U.S.C. § 552a (1983). After discovery commenced, plaintiffs served these subpoenas on the Guess attorneys.

## DISCUSSION

Movants raise several arguments in support of their motion to quash. They claim that the decisions of the California courts denying discovery constitute "law of the case," which, they claim, plaintiffs seek to circumvent with these subpoenas. They also assert that plaintiffs are trying to obtain privileged or work-product information from "opposing" counsel without the requisite showing of compelling need. Finally, they claim that these depositions will require disclosure of otherwise confidential communications between the Guess attorneys and the government about the investigation underlying the search warrant.

■ Movants' primary argument relies on the incorrect premise that the California courts have already ruled on the issues before this court. The record reveals that each denial by the California courts of plaintiffs' request to depose the Guess attorneys was grounded on a determination that such discovery would not have been relevant to issues before those courts. *See, e.g.,* Memorandum in Support of Motion to Quash ("Mem.") at 5; Affidavit of Kenneth I. Schacter, sworn to February 22, 1989, ("Schacter Aff.") Exh. G (appendix) at 3–4. The mere fact that the California courts denied discovery on this basis, however, does not mean that the depositions could never become relevant to other issues. As far as this case is concerned, the Guess attorneys were intimately involved in the process by which the government disclosed the privileged information. Moreover, they allegedly used that information in a manner damaging to plaintiffs. Therefore, as counsel for movants candidly conceded during a hearing, their testimony is relevant to the central issues of a claimed Privacy Act violation. *See* 5 U.S.C. § 552a(g)(1).

■ Plaintiffs have pleaded a viable cause of action and are entitled to take discovery to prove their allegations. Assuming, *arguendo,* that one of their purposes for bringing this otherwise valid lawsuit was to obtain discovery "prohibited" by the California courts—and assuming that this type of dual motive would have any legal significance—the appropriate remedy is not prohibiting the discovery of evidence relevant to this lawsuit. Rather, movants should seek relief from the courts whose orders they claim are being circumvented. They are well equipped to determine how best to use evidence obtained through this process, if at all.

■ Movants' assertion that these depositions will lead to disclosure of privileged information disregards the fact that while the Guess attorneys were acting on

behalf of their clients when they negotiated the inspection and release of the seized documents, their activities were not privileged. *See Upjohn v. United States,* 449 U.S. 383, 395–96, 101 S.Ct. 677, 685–86, 66 L.Ed.2d 584 (1981). In this context, they are no more than fact witnesses. Moreover, it is difficult to reconcile movants' privilege arguments with their previous revelations of the underlying facts in declarations filed in the California action. *See Taylor v. Curry,* 708 F.2d 886, 891 (2d Cir.), *cert. denied,* 464 U.S. 1000, 104 S.Ct. 503, 78 L.Ed.2d 694 (1983); Schacter Aff. Exh. E.* Their attempt to cast themselves in the role of "opposing" counsel, to bring themselves within the strict standards of cases such as *Shelton v. American Motors Corp.,* 805 F.2d 1323 (8th Cir.1986), is not persuasive because they are not opposing counsel in this action. Therefore, the major rationales in these cases—discouraging the depositions of opposing attorneys in a particular lawsuit to avoid unnecessary expense and interference with the attorney-client relationship—are not applicable here. *See, e.g., id.* at 1327.

■ This does not mean that the substantive privilege issue discussed in *Shelton* could not arise during these depositions. *See id.* at 1329 (holding that selection of individual documents from larger group may reveal attorney's litigation strategy). Nevertheless, movants' concerns are premature, since plaintiffs may not question them in these areas. If they do, movants may make appropriate objections at that time. Similarly, if there are grounds to do so, they may object to disclosure of confidential communications between themselves and the government. *See* Mem. at 33–34. The mere possibility that such issues may arise does not merit the drastic relief of quashing these subpoenas before a single question has been asked. *See Moore's* ¶ 26.69; C. Wright &

A. Miller, *Federal Practice & Procedure* § 2037 (1970).

### CONCLUSION

The motion to quash is denied and the depositions of the Guess attorneys shall take place promptly. Pursuant to the agreement of the parties, however, the depositions should not begin until the case currently being tried in the California action has been submitted to the jury.

So ordered.

---

* Movants suggest, and plaintiffs deny, that plaintiffs have already received adequate discovery through these declarations. The court need not resolve this issue because the fact that information sought by deposition has already been obtained through interrogatories or, in this case, declarations is not a sufficient basis upon which

to quash a deposition subpoena. J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 26.69 at 26–436 (1987) (*"Moore's"*). At the very least, plaintiffs would be entitled to take these depositions to cross-examine the witnesses about their declarations.